**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIK FLORES and KIMBERLY FLORES, a minor,<br>by and through Mother and next friend,<br>MARIA DEL ROSARIO,<br><br>Plaintiffs,<br><br>     v.<br><br>CITY OF CHICAGO; CHICAGO POLICE<br>DEPARTMENT; Detective KEVIN K. BRAZEL<br>(Badge No. 20266);<br>Officer MATTHEW BRITTAIN (Badge No. 1504);<br>Officer BRADLEY BULLINGTON (Badge No. 8684);<br>KELLY A. CUSACK (Badge No. 421);<br>Captain RAYMOND DOHERTY (Badge No. 119);<br>Officer THOMAS J. DUDZIK (Badge No. 19749);<br>Officer ROGER FERREIRA (Badge No. 6745);<br>JAMES R. GLENKE (Badge No. 1768);<br>PATRICK J. KANE (Badge No. 5036);<br>Lieutenant ROBERT KELLAM (Badge No. 341);<br>RACHEL E. KRASS (Badge No. 2525);<br>Officer JACK LIN (Badge No. 11860);<br>Officer STEVEN MALOPY;<br>Officer V. G. PAZMINO;<br>MICHAEL C. WALANO (Badge No. 13082);<br>Officer NICHOLAS VERTA (Badge No. 15977);<br>Detective JOHN M. ZUMBROCK (Badge No. 21220);<br>Officer MCCOY (Badge No. 7325);<br>Officer NORMAN C. BRIGHT;<br>Officer OMAR LEZAMA<br>Sergeant JOHN CONNEELY (Badge No. 1262);<br>Sergeant THOMAS CAREY (Badge No. 18795);<br>and OTHER UNKNOWN OFFICERS; THE COOK<br>COUNTY STATES ATTORNEYS OFFICE;<br>ASA ALEX HOLMES;<br>ASA CHRISTINA SENGER; ASA JACQUELINE<br>SIMON; and JOHN/JANE DOE ASSISTANT<br>STATE'S ATTORNEYS<br><br>     Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

1

## COMPLAINT

NOW COME Plaintiffs, ERIK FLORES and KIMBERLY FLORES, a minor, by and through her mother and next friend, MARIA DEL ROSARIO, by and through their attorneys, ZANE D. SMITH & ASSOCIATES, LTD., and for their Complaint against Defendants CITY OF CHICAGO; CHICAGO POLICE DEPARTMENT; Detective KEVIN K. BRAZEL (Badge No. 20266); Officer MATTHEW BRITTAIN (Badge No. 1504); Officer BRADLEY BULLINGTON (Badge No. 8684); KELLY A. CUSACK (Badge No. 421); Captain RAYMOND DOHERTY (Badge No. 119); Officer THOMAS J. DUDZIK (Badge No. 19749); Officer ROGER FERREIRA (Badge No. 6745); JAMES R. GLENKE (Badge No. 1768); PATRICK J. KANE (Badge No. 5036); Lieutenant ROBERT KELLAM (Badge No. 341); RACHEL E. KRASS (Badge No. 2525); Officer JACK LIN (Badge No. 11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (Badge No. 13082); Officer NICHOLAS VERTA (Badge No. 15977); Detective JOHN M. ZUMBROCK (Badge No. 21220); Officer McCOY (Badge No. 7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (Badge No. 1262); Sergeant THOMAS CAREY (Badge No. 18795); and OTHER UNKNOWN OFFICERS; the COOK COUNTY STATE'S ATTORNEY'S OFFICE; ASA ALEX HOLMES; ASA CHRISTINA SENGER; ASA JACQUELINE SIMON; and JOHN/JANE DOE ASSISTANT STATE'S ATTORNEYS, and state as follows:

## JURISDICTION

1. This action arises under 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over state-law claims.

2. Venue is proper in this District under 28 U.S.C. § 1391(b).

2

## PARTIES

1. **Plaintiff ERIK FLORES** is a resident of Cook County, Illinois. At all relevant times he was present in Chicago, Illinois, and suffered injuries and deprivations of liberty as described herein.

2. **Plaintiff KIMBERLY FLORES** is a minor and brings this action by and through her mother and next friend, MARIA DEL ROSARIO. Kimberly is a resident of Cook County, Illinois and, at all relevant times, was present in Chicago, Illinois and suffered injuries and deprivations of liberty as described herein.

3. **Defendant CITY OF CHICAGO** ("City") is an Illinois municipal corporation. At all relevant times, the City, through its departments—including the Chicago Police Department— was responsible for the policies, practices, supervision, training, discipline, and conduct of Chicago Police Department employees and agents acting under color of state law and within the scope of their employment.

4. **Defendant CHICAGO POLICE DEPARTMENT** ("CPD") is the law-enforcement agency of the City of Chicago and, at all relevant times, was responsible for the conduct, supervision, training, discipline, and oversight of its sworn officers and employees referenced in this Complaint.

5. **Defendant Detective KEVIN K. BRAZEL** was at all relevant times a sworn CPD detective acting under color of state law and within the scope of his employment.

6. **Defendant Officer MATTHEW BRITTAIN** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

7. **Defendant Officer BRADLEY BULLINGTON** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

3

8.      **Defendant KELLY A. CUSACK** was at all relevant times a sworn CPD member acting under color of state law and within the scope of her employment.

9.      **Defendant Captain RAYMOND DOHERTY)** was at all relevant times a sworn CPD captain acting under color of state law and within the scope of his employment.

10.     **Defendant Officer THOMAS J. DUDZIK** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

11.     **Defendant Officer ROGER FERREIRA** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

12.     **Defendant JAMES R. GLENKE** was at all relevant times a sworn CPD member acting under color of state law and within the scope of his employment.

13.     **Defendant PATRICK J. KANE** was at all relevant times a sworn CPD member acting under color of state law and within the scope of his employment.

14.     **Defendant Lieutenant ROBERT KELLAM** was at all relevant times a sworn CPD lieutenant acting under color of state law and within the scope of his employment.

15.     **Defendant RACHEL E. KRASS** was at all relevant times a sworn CPD member acting under color of state law and within the scope of her employment.

16.     **Defendant Officer JACK LIN** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

17.     **Defendant Officer STEVEN MALOPY** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

18.     **Defendant Officer V. G. PAZMINO** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

4

19.     **Defendant MICHAEL C. WALANO** was at all relevant times a sworn CPD member acting under color of state law and within the scope of his employment.

20.     **Defendant Officer NICHOLAS VERTA** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

21.     **Defendant Detective JOHN M. ZUMBROCK** was at all relevant times a sworn CPD detective acting under color of state law and within the scope of his employment.

22.     **Defendant Officer McCOY** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

23.     **Defendant Officer NORMAN C. BRIGHT** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

24.     **Defendant Officer OMAR LEZAMA** was at all relevant times a sworn CPD police officer acting under color of state law and within the scope of his employment.

25.     **Defendant Sergeant JOHN CONNEELY** was at all relevant times a sworn CPD sergeant acting under color of state law and within the scope of his employment.

26.     **Defendant Sergeant THOMAS CAREY** was at all relevant times a sworn CPD sergeant acting under color of state law and within the scope of his employment.

27.     **Defendant OTHER UNKNOWN OFFICERS** are presently unidentified CPD officers who, at all relevant times, participated in, directed, approved, or failed to intervene in the acts alleged herein while acting under color of state law and within the scope of their employment. Their identities will be added when ascertained in discovery.

28.     **Defendant COOK COUNTY STATE'S ATTORNEY'S OFFICE** is the public office for the State's Attorney of Cook County.

5

29.     **Defendant ASA ALEX HOLMES** is, and at all relevant times was, an Assistant State's Attorney employed by the Cook County State's Attorney's Office, acting under color of state law. Any claims asserted against Holmes are brought in his individual capacity and are limited to non-advocative, investigatory/complaining-witness conduct as described herein.

30.     **Defendant ASA CHRISTINA SENGER** is, and at all relevant times was, an Assistant State's Attorney employed by the Cook County State's Attorney's Office, acting under color of state law. Any claims asserted against Senger are brought in her individual capacity and are limited to non-advocative, investigatory/complaining-witness conduct as described herein.

31.     **Defendant ASA JACQUELINE SIMON** is, and at all relevant times was, an Assistant State's Attorney employed by the Cook County State's Attorney's Office, acting under color of state law. Any claims asserted against Simon are brought in her individual capacity and are limited to non-advocative, investigatory/complaining-witness conduct as described herein.

32.     **Defendant JOHN/JANE DOE ASSISTANT STATE'S ATTORNEYS** are presently unidentified Assistant State's Attorneys who, at all relevant times, acted under color of state law and engaged in non-advocative, investigatory/complaining-witness conduct as described herein. Their identities will be added when ascertained in discovery.

### FACTS

33.     On September 15, 2023, Erik Flores-Andrade was driving his car near 5220 S. Pulaski Rd., Chicago, Illinois, in relation to a Mexican Independence Day parade.

34.     Erik and Kimberly had attended a car-enthusiast meetup in the parking lot adjacent to the incident location and were returning from that gathering when the events described below occurred.

6

35.     Also in the car with Erik were Plaintiff Kimberly Flores (then 14 years old); their brother, Justin; a friend, Merlene (phonetic); and their cousin, Alexis.

36.     As Erik drove past Officer Thomas J. Dudzik (#19749), Erik said something to the effect of "How's it going, enjoying the day?"

37.     In response, Officer Dudzik stated, "You Mexicans are fucking up everything."

38.     Shortly thereafter, Officer Dudzik began pursuing Erik's vehicle on foot.

39.     As Dudzik began chasing the car, he drew and pointed his firearm at Erik and Kimberly.

40.     As other police units began surrounding the Charger, an unmarked SUV swerved into Erik's lane and struck Erik's vehicle from the front.

41.     An unknown officer ran up to Erik's car and smashed the side mirror.

42.     Hearing Kimberly holler "gun, gun, gun," Erik put the car in reverse and tried to get away from that location.

43.     Several police vehicles then smashed into Erik's vehicle to box him in.

44.     Multiple officers circled Erik's car, smashed all of the car windows with batons, and violently pulled Erik and Kimberly out of the car.

45.     Erik and Kimberly were violently dragged out of the vehicle onto the broken-glass-covered ground.

46.     Approximately 10–15 officers, many holding batons, then violently punched, shoved, and kneeled into Erik and Kimberly as they handcuffed them.

47.     Fourteen-year-old Kimberly can be heard screaming in fear while lying handcuffed on the ground next to her brother, surrounded by approximately 10–15 officers standing over her with batons, yelling, and pulling her away from him.

7

48. Neither Erik nor Kimberly resisted arrest at any time, and neither was charged with resisting arrest despite the ten criminal counts originally brought against Erik.

49. Erik was placed in handcuffs, pushed up against a squad car, and subjected to further force and intimidation.

50. While Erik was handcuffed and pushed up against the squad car, Officer Roger Ferreira (#6745) stole two gold necklaces from Erik's neck by ripping them off of Erik's neck; the theft was captured on bodycam.

51. Upon information and belief, Officer Ferreira was not aware that his conduct was being captured on bodycam at the time; other officers who were present clearly saw and heard the theft but did not intervene.

52. Only a cross pendant and a severed 5-inch portion of the rope chain were recovered; the tennis chain was never returned.

53. Both chains were 14-karat gold and had been purchased by Erik.

54. Erik was placed into a CPD transport wagon and driven to the 8th District station.

55. During the transport, Erik sustained a concussion from being thrown around inside the wagon.

56. Erik sustained additional injuries at the hands of the officers and during transport, including a left-arm injury and a right-eye injury.

57. Erik suffered injuries to his left arm, head, and face, and was transported from the station to Holy Cross Hospital for treatment.

58. He was provided with a shoulder sling and treated for visible abrasions and contusions.

59.    Kimberly was also transported to the police station but was later released without charges.

60.    During his arrest, Erik observed an officer driving his vehicle, and later saw his vehicle parked at the 8th District station.

61.    Erik's vehicle was subsequently towed and impounded by CPD. Erik had to complete a lengthy and costly process to retrieve his vehicle.

62.    No narcotics or weapons were recovered.

63.    Captain Raymond Doherty (#119) later claimed he was hit by Erik's car; video shows he was struck by a police vehicle.

64.    Lieutenant Robert Kellam (#341) later claimed Erik tried to run him down and denied that a police vehicle struck Erik's car.

65.    Following Erik's arrest in Case No. 23CR1075001, the Indictment charged ten counts: (1) 720 ILCS 5/12-3.05(d)(4) — Aggravated Battery/Peace Officer; (2) 720 ILCS 5/12-3.05(f)(1) — Aggravated Battery; (3) 720 ILCS 5/12-2(c)(8) — Aggravated Assault/Operation of Motor Vehicle/Peace Officer; (4) 720 ILCS 5/12-2(c)(8) — Aggravated Assault/Operation of Motor Vehicle/Peace Officer; (5)–(8) 720 ILCS 5/21-1.01(a)(1) — Criminal Damage to Government Property (>$500–$10,000); (9) 625 ILCS 5/11-204.1(a)(2) — Aggravated Fleeing (Bodily Injury); and (10) 625 ILCS 5/11-204.1(a)(3) — Aggravated Fleeing (Damage > $300).

66.    During the pendency of the criminal case, Erik was required to comply with pretrial release conditions—including a court-imposed curfew and other restrictions—which further restricted his liberties.

67.    The State tried Counts One through Three of the Indictment, and dismissed the remaining counts against Erik.

68.     On or about January 9, 2025, a jury returned not-guilty verdicts on all counts.

## COUNT I – EXCESSIVE FORCE (ERIK AND KIMBERLY)
### *(42 U.S.C. § 1983 – Fourth & Fourteenth Amendment)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and UNKNOWN OFFICERS — in their individual capacities.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      At all times relevant, each Defendant was acting under color of state law and within the scope of employment with the Chicago Police Department.

3.      On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, the above Defendants, acting jointly and individually, used force against Plaintiffs by smashing the vehicle's windows, forcibly dragging Erik and Kimberly onto broken-glass-covered ground, and punching, shoving, and kneeling into them while handcuffing, even though neither Plaintiff resisted arrest.

4.      The force used was objectively unreasonable under the totality of the circumstances and violated the Fourth Amendment.

5.      In the alternative, to the extent any Named Defendant did not personally apply force, that Defendant was present, had a realistic opportunity to prevent or stop the use of force, and failed to do so.

10

6. The Named Defendants acted willfully, maliciously, and with reckless disregard for Plaintiffs' constitutional rights.

7. As a direct and proximate result, Erik suffered a concussion, left-arm injury, and right-eye injury, and both Plaintiffs suffered physical pain, emotional distress, and other damages.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I.    Compensatory damages in an amount to be determined at trial;

II.   Punitive damages to punish and deter;

III.  Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.   Any other relief the Court deems just and proper.

### COUNT II – FAILURE TO INTERVENE (EXCESSIVE FORCE)
### *(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, each Named Defendant acted under color of state law and within the scope of employment with the Chicago Police Department.

11

3. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, multiple officers used excessive force against Erik and Kimberly by smashing vehicle windows, forcibly dragging them onto broken-glass-covered ground, and punching, shoving, and kneeling into them while handcuffing, even though neither Plaintiff resisted arrest.

4. Each Named Defendant was present at or immediately adjacent to the scene, observed or heard the use of such force, and had a realistic opportunity to prevent or stop it, including by interceding verbally or physically, calling it off, or otherwise limiting the force.

5. Despite that opportunity, each Named Defendant failed to intervene, thereby allowing the unconstitutional force to occur and/or continue.

6. The failure to intervene was objectively unreasonable and violated Plaintiffs' rights to be free from unreasonable seizures and excessive force under the Fourth Amendment.

7. The Named Defendants acted willfully, maliciously, and with reckless disregard for Plaintiffs' constitutional rights.

8. As a direct and proximate result, Erik suffered a concussion, left-arm injury, and right-eye injury, and both Plaintiffs suffered physical pain, emotional distress, and other damages.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Attorneys' fees and costs under 42 U.S.C. § 1988; and

12

IV.     Any other relief the Court deems just and proper.


## COUNT III – UNLAWFUL STOP AND VEHICLE SEIZURE (PERSONS AND PROPERTY)
### *(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and UNKNOWN OFFICERS — in their individual capacities.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      At all relevant times, each Named Defendant acted under color of state law and within the scope of employment.

3.      On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants stopped and seized Plaintiffs and seized Erik's 2013 Dodge Charger by boxing in the vehicle with police SUVs/squad cars, striking it, and preventing Plaintiffs' movement.

4.      Defendants initiated and executed the stop without reasonable suspicion or probable cause; in the alternative, even if any basis for a limited traffic inquiry existed, the scope, manner, and duration of the stop—including ramming/boxing-in, window-smashing, forcible extraction, and impound—exceeded the bounds of a lawful investigatory stop and constituted an unreasonable seizure of Erik and Kimberly and of Erik's vehicle.

13

5.      Defendants' conduct, including the impound of the vehicle, was objectively unreasonable under the totality of the circumstances and violated the Fourth Amendment.

6.      In the alternative, to the extent any Named Defendant did not personally effect the stop or seizure, that Defendant caused, continued, and/or failed to intervene to prevent the unconstitutional stop and seizure despite a realistic opportunity to do so.

7.      Defendants acted willfully, maliciously, and with reckless disregard for Plaintiffs' constitutional rights.

8.      As a direct and proximate result, Plaintiffs suffered loss of liberty, property damage, emotional distress, and other damages.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.     Any other relief the Court deems just and proper.

### COUNT IV – UNLAWFUL SEARCH OF VEHICLE
#### *(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN

14

MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, each Named Defendant acted under color of state law and within the scope of employment with the Chicago Police Department.

3. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants entered and searched Erik's vehicle and its contents after boxing it in and breaking its windows.

4. The search was conducted without a warrant, consent, or probable cause, and not pursuant to any valid exception to the warrant requirement, including but not limited to the automobile exception, search-incident-to-arrest, protective sweep, community-caretaking, or a standardized, non-pretextual inventory.

5. Defendants' conduct was objectively unreasonable under the totality of the circumstances and violated the Fourth Amendment.

6. In the alternative, to the extent any Named Defendant did not personally conduct the search, that Defendant caused, continued, and/or failed to intervene to prevent the unlawful search despite a realistic opportunity to do so.

7. Defendants acted willfully, maliciously, and with reckless disregard for Plaintiffs' constitutional rights.

8. As a direct and proximate result, Plaintiffs suffered damages, including property damage, invasion of privacy, emotional distress, and other losses.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.     Any other relief the Court deems just and proper.

### COUNT V – FALSE ARREST / UNREASONABLE SEIZURE (ERIK)
#### *(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, each Named Defendant acted under color of state law and within the scope of employment.

3. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants seized and arrested Erik Flores by boxing in his vehicle with police SUVs/squad cars,

16

smashing windows, forcibly extracting him, handcuffing him, and transporting him to the police station.

4.      The arrest of Erik was without probable cause or lawful justification under the totality of the circumstances.

5.      In the alternative, to the extent any Named Defendant did not personally effect the arrest, that Defendant caused, continued, and/or failed to intervene to prevent the unlawful seizure despite a realistic opportunity to do so.

6.      Defendants acted willfully, maliciously, and with reckless disregard for Erik's constitutional rights.

7.      As a direct and proximate result, Erik suffered loss of liberty, physical pain and injuries, emotional distress, and other damages.

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.     Any other relief the Court deems just and proper.

### COUNT VI – FALSE ARREST / UNREASONABLE SEIZURE (KIMBERLY – PASSENGER)
*(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504);

17

Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, each Named Defendant acted under color of state law and within the scope of employment with the Chicago Police Department.

3. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants seized and arrested KIMBERLY FLORES, who was a passenger, by forcibly removing her from the vehicle, handcuffing her, and transporting her to the station.

4. The seizure and arrest of Kimberly were without probable cause or lawful justification under the totality of the circumstances.

5. In the alternative, to the extent any Named Defendant did not personally effect the arrest, that Defendant caused, continued, and/or failed to intervene to prevent the unlawful seizure despite a realistic opportunity to do so.

6. Defendants acted willfully, maliciously, and with reckless disregard for Kimberly's constitutional rights.

7. As a direct and proximate result, Kimberly suffered loss of liberty, emotional distress, and other damages.

18

**WHEREFORE,** Plaintiff KIMBERLY FLORES, by her mother and next friend MARIA DEL ROSARIO, respectfully requests that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.     Any other relief the Court deems just and proper.

### COUNT VII – EQUAL PROTECTION (RACIAL DISCRIMINATION)
#### *(42 U.S.C. § 1983 – Fourteenth Amendment)*

Against: Officer THOMAS J. DUDZIK (#19749) — in his individual capacity.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      At all relevant times, Defendant Dudzik acted under color of state law and within the scope of his employment with the Chicago Police Department.

3.      On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, as Erik drove past, Dudzik stated, "you Mexicans are fucking up everything," and immediately escalated the encounter by pursuing, drawing and pointing his firearm, and directing other officers to stop Erik.

4.      Dudzik's words and actions were motivated by racial/ethnic animus and undertaken with discriminatory intent to deny Erik the equal protection of the laws.

5.      Dudzik's discriminatory conduct was a moving force behind the ensuing stop, seizure, and use of force against Erik and Kimberly.

6. Dudzik acted willfully, maliciously, and with reckless disregard for Plaintiffs' constitutional rights.

7. As a direct and proximate result, Erik and Kimberly suffered physical injuries (as previously alleged), emotional distress, loss of liberty, and other damages.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against Officer THOMAS J. DUDZIK and award:

I.    Compensatory damages in an amount to be determined at trial;

II.    Punitive damages to punish and deter;

III.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.    Any other relief the Court deems just and proper.

## COUNT VIII – UNREASONABLE SEIZURE OF PERSONAL PROPERTY (NECKLACE)
### *(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Officer ROGER FERREIRA (#6745) — in his individual capacity.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, Defendant Ferreira acted under color of state law and within the scope of his employment with the Chicago Police Department.

3. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, while Erik was handcuffed, immobilized, and not resisting, Defendant Ferreira removed and retained Erik's gold necklace without warrant, consent, probable cause, lawful justification, or any legitimate law-enforcement purpose.

20

4.      The necklace was never inventoried and has not been returned to Erik.

5.      The removal and continued retention meaningfully interfered with Erik's possessory interest and therefore constituted a seizure of personal property within the meaning of the Fourth Amendment.

6.      The seizure was objectively unreasonable, including because it occurred after Erik was secured and was unrelated to any evidentiary or safety rationale.

7.      Defendant Ferreira acted willfully, maliciously, and with reckless disregard for Erik's constitutional rights.

8.      As a direct and proximate result, Erik suffered property loss, emotional distress, and other damages.

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against Officer ROGER FERREIRA and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.     Any other relief the Court deems just and proper.

### COUNT IX – FAILURE TO INTERVENE (NECKLACE)
#### *(42 U.S.C. § 1983 – Fourth Amendment, incorporated via Fourteenth)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); JAMES R. GLENKE (#1768);

21

PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.     At all relevant times, each Defendant acted under color of state law and within the scope of employment with the Chicago Police Department.

3.     On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, while Erik was handcuffed, immobilized, and not resisting, Officer Roger Ferreira removed and retained Erik's gold necklace without warrant, consent, probable cause, lawful justification, or any legitimate law-enforcement purpose.

4.     The Defendants named in this Count were present at or immediately adjacent to the scene, saw and/or heard the removal and retention of the necklace, and had a realistic opportunity to prevent or stop the constitutional violation—including by ordering Ferreira to return the property, ensuring the property was inventoried, or otherwise intervening—but failed to do so.

5.     The necklace was never inventoried and has not been returned to Erik.

6.     Defendants' failure to intervene was objectively unreasonable and violated Erik's right to be free from unreasonable seizures of personal property under the Fourth Amendment.

7.     Defendants acted willfully, maliciously, and with reckless disregard for Erik's constitutional rights.

8.     As a direct and proximate result, Erik suffered property loss, emotional distress, and other damages.

22

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against the above-named Defendants and award:

     I.       Compensatory damages in an amount to be determined at trial;

     II.      Punitive damages to punish and deter;

     III.     Attorneys' fees and costs under 42 U.S.C. § 1988; and

     IV.     Any other relief the Court deems just and proper.

## COUNT X – UNLAWFUL PRETRIAL DETENTION (INITIATION/CONTINUATION WITHOUT PROBABLE CAUSE)
### (42 U.S.C. § 1983 – Fourth Amendment)

Against: Detective KEVIN K. BRAZEL (#20266); KELLY A. CUSACK (#421); RACHEL E. KRASS (#2525); Captain RAYMOND DOHERTY (#119); and Lieutenant ROBERT KELLAM (#341) — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, Defendants acted under color of state law and within the scope of employment with the Chicago Police Department.

3. Between September 16–17, 2023, Defendants initiated and/or continued criminal proceedings against Erik Flores without probable cause, including:

    a. Cusack approving probable cause on September 16, 2023 at approximately 02:36;

    b. Brazel directing hold papers for continued detention;

    c. Krass approving final charges on September 17, 2023 at approximately 02:50; and

    d. Doherty and Kellam supplying material allegations—including that Doherty was hit by Erik's car and that Erik tried to run down Kellam—which are contradicted by video showing a police vehicle struck Doherty and that Erik's driving did not create reasonable apprehension of a battery for Kellam.

23

4. The foregoing allegations and approvals were material to the decision to commence and continue proceedings and to detain Erik pursuant to legal process.

5. As a result, Erik was detained and then subjected to pretrial release conditions, including a court-imposed curfew and other restraints on liberty, which further restricted his freedoms.

6. The criminal case ultimately terminated in Erik's favor by not-guilty verdicts on January 9, 2025 (Counts One–Three of the Indictment).

7. Defendants' conduct caused pretrial detention and liberty restraints without probable cause, in violation of the Fourth Amendment as recognized in *Manuel* and *Thompson*.

8. Defendants acted willfully, maliciously, and with reckless disregard for Erik's constitutional rights.

9. As a direct and proximate result, Erik suffered loss of liberty, emotional distress, reputational harm, and other damages.

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against BRAZEL, CUSACK, KRASS, DOHERTY, and KELLAM and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV. Any other relief the Court deems just and proper.

24

### COUNT XI – FABRICATION OF EVIDENCE / DUE PROCESS
*(42 U.S.C. § 1983 – Fourth and Fourteenth Amendment)*

Against: Captain RAYMOND DOHERTY (#119) and Lieutenant ROBERT KELLAM (#341) — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, Defendants Doherty and Kellam acted under color of state law and within the scope of their employment with the Chicago Police Department.

3. On or about September 15–17, 2023, in connection with the incident near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants knowingly made and/or forwarded false factual assertions about the events, including:

    a. Doherty claiming that he was hit by Erik's car, when video shows he was struck by a police vehicle; and

    b. Kellam claiming that Erik tried to run him down and denying that a police vehicle struck Erik's car.

4. Defendants' false assertions were material and were used to initiate and/or continue the criminal case against Erik Flores, including approvals of probable cause and charges and the decision to proceed on Counts One–Three of the Indictment.

5. Defendants' conduct was undertaken intentionally or with reckless disregard for the truth, and shocked the conscience by corrupting the truth-seeking function of the criminal process.

6. As a result of Defendants' fabrication and forwarding of false evidence, Erik was deprived of liberty pursuant to legal process, including detention and restrictive pretrial release conditions (such as a court-imposed curfew and other restraints).

25

7. The criminal proceeding terminated in Erik's favor by jury acquittal on or about January 9, 2025 (Counts One–Three of the Indictment).

8. Defendants Doherty and Kellam acted willfully, maliciously, and with reckless disregard for Erik's constitutional rights.

9. As a direct and proximate result, Erik suffered loss of liberty, emotional distress, reputational harm, and other damages.

WHEREFORE, Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against Captain RAYMOND DOHERTY and Lieutenant ROBERT KELLAM and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV. Any other relief the Court deems just and proper.

## COUNT XII – BATTERY (ERIK AND KIMBERLY)
### (Illinois Common Law)

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

26

2.      On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants intentionally caused harmful or offensive contact with Erik and Kimberly by, inter alia, smashing vehicle windows, forcibly dragging them onto broken-glass-covered ground, and punching, shoving, and kneeling into them while handcuffing, even though neither Plaintiff resisted arrest.

3.      The contacts were without consent and were offensive and harmful.

4.      In the alternative, to the extent any Named Defendant did not personally lay hands on either Plaintiff, that Defendant was present, had a realistic opportunity to prevent or stop the battery, and failed to do so, thereby acting in concert and/or aiding and abetting those who committed the battery.

5.      Defendants' conduct was willful and wanton.

6.      As a direct and proximate result, Erik suffered a concussion, left-arm injury, and right-eye injury, and both Plaintiffs suffered physical pain, emotional distress, and other damages.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV.     Costs of suit;

V.      Prejudgment interest as allowed by law; and

VI.     Any other relief the Court deems just and proper.

## COUNT XIII – ASSAULT (ERIK AND KIMBERLY)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants, acting jointly and individually, intentionally placed Erik and Kimberly in reasonable apprehension of imminent harmful or offensive contact by, inter alia: drawing and pointing firearms (including at minimum Officer Thomas J. Dudzik), surrounding and rushing the vehicle with batons, smashing the vehicle's windows, and yelling commands while advancing on Plaintiffs.

3. The apprehension experienced by Plaintiffs was immediate and reasonable under the circumstances.

4. In the alternative, to the extent any Named Defendant did not personally engage in conduct creating the apprehension, that Defendant was present, acted in concert, aided and abetted, and/or failed to intervene to prevent the assault despite a realistic opportunity to do so.

5. Defendants' conduct was willful and wanton.

28

6. As a direct and proximate result, Plaintiffs suffered emotional distress, fear, and other damages.

WHEREFORE, Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Costs of suit;

IV. Prejudgment interest as allowed by law; and

V. Any other relief the Court deems just and proper.

### COUNT XIV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ERIK AND KIMBERLY)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants engaged in extreme and outrageous conduct toward Erik and Kimberly, including but

29

not limited to: using an ethnic slur to escalate the encounter; boxing in the vehicle with police SUVs/squad cars; smashing the vehicle's windows; forcibly dragging Plaintiffs onto broken-glass-covered ground; and punching, shoving, and kneeling into them while handcuffing, even though neither Plaintiff resisted arrest.

3.       During and after the seizure, while Erik was handcuffed and immobilized, Officer Roger Ferreira removed and retained Erik's gold necklace (never inventoried or returned), further contributing to the outrageousness of the conduct and Plaintiffs' distress; other officers were present and failed to intervene.

4.       Kimberly was a minor at the time and can be heard screaming in fear, a circumstance known to Defendants and which makes their conduct especially extreme and outrageous.

5.       Defendants intended to cause, or acted in reckless disregard of the high probability of causing, severe emotional distress to Erik and Kimberly.

6.       As a direct and proximate result of Defendants' extreme and outrageous conduct, Erik and Kimberly suffered severe emotional distress, mental anguish, humiliation, and related damages, in addition to the physical injuries previously alleged.

7.       Defendants' conduct was willful and wanton.

WHEREFORE, Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I.       Compensatory damages in an amount to be determined at trial;

30

II.     Punitive damages to punish and deter;

III.    Costs of suit;

IV.     Prejudgment interest as allowed by law; and

V.      Any other relief the Court deems just and proper.

## COUNT XV – FALSE ARREST / FALSE IMPRISONMENT (ERIK)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants intentionally caused the confinement of Erik Flores by boxing in his vehicle with police SUVs/squad cars, smashing windows, forcibly extracting him, handcuffing him, transporting him to the station, and holding him for processing and charging.

3.      The confinement was without legal authority or probable cause.

4.      In the alternative, to the extent any Named Defendant did not personally effect the confinement, that Defendant caused, continued, and/or failed to intervene to prevent the confinement despite a realistic opportunity to do so.

5.      Defendants' conduct was willful and wanton.

31

6.      As a direct and proximate result, Erik suffered loss of liberty, physical pain and injury, emotional distress, and other damages.

WHEREFORE, Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Costs of suit;

IV.    Prejudgment interest as allowed by law; and

V.     Any other relief the Court deems just and proper.

### COUNT XVI – FALSE ARREST / FALSE IMPRISONMENT (KIMBERLY – PASSENGER)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants intentionally caused the confinement of KIMBERLY FLORES, a passenger and minor,

32

by forcibly removing her from the vehicle, handcuffing her, transporting her to the station, and holding her in custody.

3.    Upon information and belief, each Named Defendant was physically present at or immediately adjacent to the scene and either directly participated in, directed/approved, or failed to intervene to prevent the confinement despite a realistic opportunity to do so.

4.    The confinement was without a warrant and without probable cause or other lawful justification.

5.    Defendants' conduct was willful and wanton.

6.    As a direct and proximate result, Kimberly suffered loss of liberty, emotional distress, and other damages.

**WHEREFORE,** Plaintiff KIMBERLY FLORES, by her mother and next friend MARIA DEL ROSARIO, respectfully requests that this Honorable Court enter judgment against the above-named Defendants and award:

I.    Compensatory damages in an amount to be determined at trial;

II.    Punitive damages to punish and deter;

III.    Costs of suit;

IV.    Prejudgment interest as allowed by law; and

V.    Any other relief the Court deems just and proper.

## COUNT XVI – FALSE ARREST / FALSE IMPRISONMENT (KIMBERLY – PASSENGER)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants intentionally caused the confinement of KIMBERLY FLORES, a passenger and minor, by forcibly removing her from the vehicle, handcuffing her, transporting her to the station, and holding her in custody.

3. Upon information and belief, each Named Defendant was physically present at or immediately adjacent to the scene and either directly participated in, directed/approved, or failed to intervene to prevent the confinement despite a realistic opportunity to do so.

4. The confinement was without a warrant and without probable cause or other lawful justification.

5. Defendants' conduct was willful and wanton.

6. As a direct and proximate result, Kimberly suffered loss of liberty, emotional distress, and other damages.

34

WHEREFORE, Plaintiff KIMBERLY FLORES, by her mother and next friend MARIA DEL ROSARIO, respectfully requests that this Honorable Court enter judgment against the above-named Defendants and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Costs of suit;

IV.     Prejudgment interest as allowed by law; and

V.      Any other relief the Court deems just and proper.

### COUNT XVII – CONVERSION (NECKLACE)
#### (Illinois Common Law)

Against: Officer ROGER FERREIRA (#6745) — in his individual capacity.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      Plaintiff Erik Flores owned, and had the immediate right to possess, his gold necklace on September 15, 2023.

3.      At or near 5220 S. Pulaski Rd., Chicago, Illinois, while Erik was handcuffed, immobilized, and not resisting, Defendant Ferreira intentionally exercised unauthorized control over the necklace by removing it from Erik's person and retaining it.

4.      The necklace was never inventoried by any officer and has not been returned to Erik.

5.      Defendant's conduct seriously interfered with Erik's right to immediate possession and constitutes conversion under Illinois law.

6.      Defendant acted willfully and wantonly.

35

7.      As a direct and proximate result, Erik suffered property loss, emotional distress, and other damages.

WHEREFORE, Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against Officer ROGER FERREIRA and award:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish and deter;

III.    Costs of suit;

IV.     Prejudgment interest as allowed by law; and

V.      Any other relief the Court deems just and proper.

### COUNT XVIII – TRESPASS TO CHATTELS (NECKLACE)
### *(Illinois Common Law)*

Against: Officer ROGER FERREIRA (#6745) — in his individual capacity.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      Plaintiff Erik Flores owned, and had the immediate right to possess, his gold necklace on September 15, 2023.

3.      At or near 5220 S. Pulaski Rd., Chicago, Illinois, while Erik was handcuffed, immobilized, and not resisting, Defendant Ferreira intentionally interfered with Erik's personal property by removing the necklace from Erik's person without consent or lawful justification.

4.      Defendant's interference deprived Erik of use and possession for a substantial time and impaired the necklace's value and Erik's possessory interest.

5.      The necklace was never inventoried by any officer and has not been returned to Erik.

6. Defendant acted willfully and wantonly.

7. As a direct and proximate result, Erik suffered property loss, emotional distress, and other damages.

WHEREFORE, Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against Officer ROGER FERREIRA and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Costs of suit;

IV. Prejudgment interest as allowed by law; and

V. Any other relief the Court deems just and proper.

## COUNT XIX – TRESPASS TO CHATTELS (VEHICLE)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262 Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. Plaintiff Erik Flores owned and had the right to possess and use his 2013 Dodge Charger (VIN 2C3CDXCT8DH730180, Illinois plate DH82860) on September 15, 2023.

37

3. At or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants intentionally interfered with Erik's possessory interest in the vehicle by, inter alia, boxing it in with police SUVs/squad cars, striking the vehicle, and smashing its windows, and by impounding it.

4. Defendants' interference impaired the condition, quality, and value of the vehicle and deprived Erik of its use for a substantial time.

5. In the alternative, to the extent any Named Defendant did not personally strike, damage, or impound the vehicle, that Defendant acted in concert, aided and abetted, directed/approved, and/or failed to intervene to prevent the interference despite a realistic opportunity to do so.

6. Defendants' conduct was willful and wanton.

7. As a direct and proximate result, Erik suffered property damage, loss of use, related out-of-pocket expenses, and other damages.

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against the above-named and award:

VI. Compensatory damages in an amount to be determined at trial;

VII. Punitive damages to punish and deter;

VIII. Costs of suit;

IX. Prejudgment interest as allowed by law; and

X. Any other relief the Court deems just and proper.

## COUNT XXI – MALICIOUS PROSECUTION (ERIK)
### *(Illinois Common Law)*

Against: Detective KEVIN K. BRAZEL (#20266); KELLY A. CUSACK (#421); RACHEL E. KRASS (#2525); Captain RAYMOND DOHERTY (#119); Lieutenant ROBERT KELLAM (#341); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.     Defendants commenced and/or continued a criminal proceeding against Erik Flores arising from the September 15, 2023 incident near 5220 S. Pulaski Rd., Chicago, Illinois, including by:

   a. Cusack approving "probable cause" for charges;
   b. Brazel directing hold papers to further the prosecution;
   c. Krass approving final charges; and
   d. Doherty and Kellam supplying material allegations (including that Doherty was struck by Erik's car and that Erik tried to run down Kellam) used to support Counts One–Three of the Indictment.

3.     The criminal proceeding terminated in Erik's favor by jury acquittal on or about January 9, 2025.

4.     Defendants lacked probable cause to initiate or continue the proceeding; the allegations they advanced were contradicted by the evidence, including but not limited to video evidence, and by the circumstances alleged herein.

5.     Defendants acted with malice, including by advancing accusations they knew or recklessly disregarded were false or misleading, for the purpose of prosecuting Erik despite the absence of probable cause.

6.     As a direct and proximate result, Erik suffered loss of liberty (including restrictive pretrial conditions such as a court-imposed curfew and other restraints), emotional distress, reputational harm, attorney's fees, and other damages.

39

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against BRAZEL, CUSACK, KRASS, DOHERTY, and KELLAM and award:

XI.     Compensatory damages in an amount to be determined at trial;

XII.    Punitive damages to punish and deter;

XIII.   Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

XIV.    Costs of suit;

XV.     Prejudgment interest as allowed by law; and

XVI.    Any other relief the Court deems just and proper.

## MALICIOUS PROSECUTION (PROSECUTORIAL DEFENDANTS – NON-ADVOCATIVE ACTS ONLY)
### (Illinois common law)

Against: ALEX HOLMES; CHRISTINA SENGER; JACQUELINE SIMON; and JOHN/JANE DOE ASSISTANT STATE'S ATTORNEYS (individual capacities)

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      This Count is brought solely for non-advocative conduct; no claim is premised on advocative functions (e.g., charging/filing decisions, courtroom presentation, plea or trial preparation).

3.      Before any advocative acts and before the sequence of formal approvals—including (a) CPD's probable-cause approval at approximately 02:36 on September 16, 2023; (b) felony-review approval by ASA Alex Holmes at approximately 22:38 on September 16, 2023; and (c) CPD's final charge approval at approximately 02:50 on September 17, 2023—the Prosecutorial Defendants acted in an investigatory capacity by meeting and coordinating with CPD officers in the acquisition and creation of evidence regarding the September 15, 2023 incident.

4. In that investigatory role, the Prosecutorial Defendants directed, shaped, and/or participated in drafting or redrafting officer statements and narratives, elicited confirmations, and otherwise manufactured or endorsed a factual account later used to justify arrest and charges.

5. The Prosecutorial Defendants knew, or were deliberately indifferent to, the falsity or incompleteness of that account, including contradictions reflected in contemporaneous video indicating that Captain Doherty was struck by a police vehicle rather than by Erik's vehicle.

6. By instituting and/or continuing the criminal proceeding through the investigatory fabrication and endorsement of false or misleading facts, the Prosecutorial Defendants commenced and/or continued a prosecution against Erik without probable cause and with malice.

7. The criminal proceeding terminated in Erik's favor on or about January 9, 2025, when a jury returned not-guilty verdicts on Counts One–Three of the Indictment.

8. As a proximate result, Erik suffered loss of liberty—including restrictive pretrial conditions such as a court-imposed curfew—emotional distress, reputational harm, attorney's fees, and other damages.

WHEREFORE, Plaintiff ERIK FLORES respectfully requests judgment against Defendants ALEX HOLMES, CHRISTINA SENGER, JACQUELINE SIMON, and JOHN/JANE DOE Assistant State's Attorneys on this Count, and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Costs of suit and other taxable costs as allowed by law;

IV. Prejudgment interest as allowed by law; and

V. Any other relief the Court deems just and proper.

41

## COUNT XXII – RESPONDEAT SUPERIOR
### *(Illinois Common Law)*

Against: CITY OF CHICAGO

1. Each of the foregoing paragraphs are incorporated as if restated fully herein.

2. At all relevant times, the individually named Defendant officers were employees and/or agents of the City of Chicago and were acting within the scope of their employment with the Chicago Police Department during the events described in this Complaint.

3. Under Illinois law, an employer is vicariously liable for the torts of its employees committed within the scope of employment.

4. The individually named Defendant officers committed state-law torts against Erik Flores and Kimberly Flores, including but not limited to battery, assault, false arrest/false imprisonment, intentional infliction of emotional distress, conversion, and trespass to chattels, as set forth in the counts above.

5. Accordingly, the City of Chicago is vicariously liable for all compensatory damages awarded on Plaintiffs' state-law claims against the individually named Defendant officers.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the CITY OF CHICAGO under the doctrine of respondeat superior for all compensatory damages awarded on Plaintiffs' state-law tort claims, together with costs of suit and such other relief as the Court deems just and proper. *(Plaintiffs do not seek punitive damages against the City on this count.)*

## COUNT XXIII – INDEMNIFICATION
### *(745 ILCS 10/9-102)*

**Against: CITY OF CHICAGO**

1.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.     At all relevant times, the individually named Defendant officers—including, without limitation, Detective Kevin K. Brazel, Officer Matthew Brittain, Officer Bradley Bullington, Kelly A. Cusack, Captain Raymond Doherty, Officer Thomas J. Dudzik, Officer Roger Ferreira, James R. Glenke, Patrick J. Kane, Lieutenant Robert Kellam, Rachel E. Krass, Officer Jack Lin, Officer Steven Malopy, Officer V. G. Pazmino, Michael C. Walano, Officer Nicholas Verta, Detective John M. Zumbrock, Officer McCoy, Officer Norman C. Bright, Officer Omar Lezama, Sergeant John Conneely, Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS, were employees/agents of the City of Chicago and acted within the scope of their employment.

3.     Pursuant to 745 ILCS 10/9-102, the City of Chicago must pay any tort judgment or settlement for compensatory damages (and associated costs) for which its employees are liable while acting within the scope of their employment.

4.     Should judgment be entered against any individual Defendant officer on Plaintiffs' state-law claims, the City of Chicago is obligated to indemnify such judgment.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Court enter judgment declaring that the CITY OF CHICAGO must indemnify any compensatory damages award and allowable costs entered against the individual Defendant officers pursuant to 745 ILCS 10/9-102, and grant such other

and further relief as the Court deems just and proper. *(Plaintiffs do not seek punitive damages against the City on this count.)*

## COUNT XXIV – § 1983 CIVIL CONSPIRACY
### *(42 U.S.C. § 1983)*

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1.      Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.      At all relevant times, each Defendant acted under color of state law and within the scope of employment with the Chicago Police Department.

3.      On or about September 15, 2023, Defendants reached an agreement, tacit or express, to deprive Plaintiffs of rights secured by the Fourth and Fourteenth Amendments, including the rights to be free from unreasonable stops and seizures, excessive force, unlawful searches, false arrest/false imprisonment, and the unreasonable seizure of personal property.

4.      In furtherance of the agreement, Defendants committed overt acts, including but not limited to: boxing-in and striking Erik's vehicle; smashing windows; forcibly extracting Erik and Kimberly; group physical force while handcuffing; arresting Erik and Kimberly without probable cause; removing and retaining Erik's gold necklace (never inventoried or returned); and forwarding false allegations used to initiate/continue prosecution.

44

5.     Upon information and belief, Defendants also coordinated and ratified the foregoing acts at the scene and in the hours that followed, including through charging approvals, hold papers, and reports that omitted/excused the use of force and property seizure and advanced false narratives.

6.     The unlawful agreement and overt acts were a moving force behind the constitutional deprivations suffered by Erik and Kimberly.

7.     Defendants acted willfully, maliciously, and with reckless disregard for Plaintiffs' constitutional rights.

8.     As a direct and proximate result, Erik and Kimberly suffered physical injuries, loss of liberty, property loss, emotional distress, and other damages.

**WHEREFORE,** Plaintiffs ERIK FLORES and KIMBERLY FLORES (by her mother and next friend) respectfully request that this Honorable Court enter judgment against the above-named Defendants and award:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish and deter;

III. Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV. Any other relief the Court deems just and proper.

### COUNT XXVI – BATTERY (ERIK)
#### (Illinois Common Law)

Against: Detective KEVIN K. BRAZEL (#20266); Officer MATTHEW BRITTAIN (#1504); Officer BRADLEY BULLINGTON (#8684); KELLY A. CUSACK (#421); Captain RAYMOND DOHERTY (#119); Officer THOMAS J. DUDZIK (#19749); Officer ROGER FERREIRA (#6745); JAMES R. GLENKE (#1768); PATRICK J. KANE (#5036); Lieutenant ROBERT KELLAM (#341); RACHEL E. KRASS (#2525); Officer JACK LIN (#11860); Officer STEVEN

45

MALOPY; Officer V. G. PAZMINO; MICHAEL C. WALANO (#13082); Officer NICHOLAS VERTA (#15977); Detective JOHN M. ZUMBROCK (#21220); Officer MCCOY (#7325); Officer NORMAN C. BRIGHT; Officer OMAR LEZAMA; Sergeant JOHN CONNEELY (#1262); Sergeant THOMAS CAREY (#18795); and OTHER UNKNOWN OFFICERS — in their individual capacities.

1.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

2.     On or about September 15, 2023, at or near 5220 S. Pulaski Rd., Chicago, Illinois, Defendants intentionally and/or knowingly caused harmful or offensive physical contact with Erik Flores, including by smashing the vehicle's windows, forcibly dragging him onto broken-glass-covered ground, and punching, shoving, and kneeling into him while handcuffing.

3.     The contact occurred without lawful justification and against Erik's will.

4.     In the alternative, to the extent any Named Defendant did not personally make contact, that Defendant acted in concert, aided and abetted, directed/approved, and/or set in motion the use of force that resulted in the harmful or offensive contact.

5.     Defendants' conduct was willful and wanton.

6.     As a direct and proximate result, Erik suffered physical injuries (including concussion, left-arm injury, and right-eye injury), pain, emotional distress, and other damages.

**WHEREFORE,** Plaintiff ERIK FLORES respectfully requests that this Honorable Court enter judgment against the above-named and award:

I.     Compensatory damages in an amount to be determined at trial;

II.    Punitive damages to punish and deter"

III.   Attorneys' fees and costs under 42 U.S.C. § 1988; and

IV.    Any other relief the Court deems just and proper.

46

## COUNT XXV – MUNICIPAL LIABILITY (MONELL)
### *(42 U.S.C. § 1983)*

Against: CITY OF CHICAGO

1.      Plaintiffs re-allege and incorporate all prior paragraphs as if fully set forth herein.

2.      Defendant CITY OF CHICAGO ("City"), through the Chicago Police Department ("CPD"), was at all relevant times responsible for the supervision, training, discipline, and policies governing CPD officers, including the individual Defendants named herein.

3.      The City maintained formal and de facto policies, practices, and customs—including a de facto code of silence—that were the moving force behind the constitutional violations alleged herein.

4.      The City of Chicago has a documented and consistent pattern, practice, or custom of allowing its police officers to engage in excessive force, unlawful searches, wrongful detentions, and other forms of misconduct. This is evidenced by multiple lawsuits, settlements, and sustained disciplinary findings against Chicago Police Department officers, including those involved in Plaintiff's case.

5.      At all relevant times, the City of Chicago ("City"), through the Chicago Police Department ("CPD"), maintained policies, practices, and customs, and/or failed to adequately train, supervise, and discipline CPD officers, that were the moving force behind the violations of Erik Flores's and Kimberly Flores's rights.

6.      The rights violated include, without limitation: freedom from unreasonable stops and seizures; freedom from excessive force; freedom from unlawful vehicle searches; freedom from false arrest/false imprisonment; freedom from unreasonable seizure and non-

inventory/retention of personal property; freedom from fabrication of evidence and failures to intervene; and freedom from initiation/continuation of criminal proceedings without probable cause.

7. The September 15, 2023 incident exemplifies these municipal deficiencies: CPD officers boxed-in and struck Erik's vehicle; smashed all windows; forcibly extracted a driver and a 14-year-old passenger; used group force (punching, shoving, kneeling while handcuffing) despite no resistance; searched the vehicle without a warrant, consent, or probable cause; and—while Erik was handcuffed and immobilized—an officer removed and retained his gold necklace, which was never inventoried or returned, while other officers failed to intervene.

8. Supervisory personnel participated in or permitted this conduct and advanced allegations later contradicted by video to support charging decisions.

9. Prior and contemporaneous events placed the City on actual and constructive notice of materially similar misconduct by CPD officers—including officers named here—and of systemic accountability failures that predictably produced the violations in this case. Illustrative, non-exhaustive examples include:

(a) COPA Log No. 2018-1091807 (approved Dec. 29, 2022; Department concurrence Feb. 24, 2023) sustained misconduct by Officer Steven R. Malopy for coercive statements to a domestic-battery victim and resulted in a recommended 180-day suspension, thus placing the City on actual notice of serious officer misconduct months before Plaintiffs' encounter.

(b) Prior civil-rights litigation involving Officer **Matthew Brittain**: *Bello v. City of Chicago*, No. 14-cv-2588 (N.D. Ill.). The complaint alleges Brittain accused a sober motorist of DUI during a roadside safety check, ordered field tests and a Breathalyzer that showed a BAC under the legal limit, yet caused the car to be impounded and the plaintiff to be jailed overnight; the plaintiff was later acquitted at trial.

(c) Prior civil-rights litigation involving Sgt. **Thomas Carey**: *Ligue v. Martin, et al.*, No. 12-cv-6080 (N.D. Ill.). The complaint alleges off-duty, intoxicated CPD officers assaulted a minor and

broke his arm, and responding officers—including Sgt. Carey—refused to arrest the attackers or take a report, allowed them to leave without identification, and thereby deprived the victim of access to the courts.

(d) COPA Log No. 2022-0004637 (FSR approved Mar. 29, 2024; intake in 2022) sustained that Officer **Jack Lin** remained inside a private apartment without justification, in "Violation of 4th Amendment" and was further issued a Reprimand for failure to properly identify himself. These sustained findings are probative of ongoing Fourth-Amendment-related practices within CPD involving a named defendant.

(e) Administrative Summary Report, Log No. 2019-0003530 (executed Apr. 30, 2021), arising from an Aug. 13, 2019 incident in the 008th District, sustained that Officer **Roger Ferreira** (Star #6745) and Officer Jaysen Orkowski (#2831) failed to inventory an arrestee's cellular phone, in violation of Rule 10 and Special Order S07-01 §4A-1—placing the City on notice of recurring arrestee-property violations.

**Additional pattern evidence**

(f) Repeated civil-rights suits and sustained findings against other CPD officers—e.g., *Faris v. Tohatan* (No. 2022-CV-1729), *Haley v. Tohatan* (No. 2022-CV-1785), and *Partee v. Tohatan* (No. 2019-CV-3689) (allegations of excessive force, unlawful searches, wrongful detention/false arrest, malicious prosecution, resolved by settlement); *Nelson v. Sierzega* (No. 24-CV-00641) and *Dorsey v. Sierzega*; and COPA Investigation No. 2022-0003752 (sustained warrantless home entry by CPD Officers)—collectively demonstrated widespread Fourth-Amendment violations and inadequate training, supervision, and discipline.

e. In *Faris v. Tohatan* (No. 2022-CV-1729), plaintiffs alleged excessive force, unlawful search, wrongful detention, and malicious prosecution; the case settled. In *Haley v. Tohatan* (No. 2022-CV-1785), Tohatan again faced allegations of unlawful detention, false arrest, and unlawful search; that case also settled. In *Partee v. Tohatan* (No. 2019-CV-3689), plaintiffs alleged false arrest, excessive force, and unlawful search; settlement followed. These repeated suits against the same officer, and the City's resolution of them, predate Plaintiffs' incident and put the City on notice of recurring Fourth-Amendment violations.

f. In *Nelson v. Sierzega* (No. 24-CV-00641), plaintiffs alleged an illegal stop, wrongful detention/arrest, excessive force, and unlawful person/vehicle searches; in *Dorsey v. Sierzega*; *Daniel Fair, et al.,* Sierzega again faced serious civil-rights allegations. Additionally, COPA Investigation No. 2022-0003752 sustained violations by Sierzega and Rodriguez for unlawfully entering a residence without a warrant (violations of CPD Rules 2, 3, and 5). These matters— arising before and around the timeframe of Plaintiffs' incident—further notified the City of widespread Fourth-Amendment violations and inadequate discipline.

On information and belief, and as reflected above, the City has maintained de facto policies and/or widespread practices that tolerate and encourage unconstitutional policing, including but not limited to:

    (a) Failure to train and supervise on constitutional limits governing event-related/crowd-context vehicle stops, use of force during vehicle extractions, duty to intervene, and lawful handling/inventory of arrestee property;

    (b) Failure to investigate and discipline known violations, including crediting officer accounts when contradicted by objective video evidence;

    (c) Allowing officers with sustained or repeated complaints to remain in the field without effective corrective action; and

    (d) Ratification of unconstitutional conduct through charging approvals/hold papers premised on false or misleading allegations.

10.    These de facto policies, practices, customs, and failures were closely related to and the moving force behind the violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments, including the unreasonable stop and seizure of their persons and vehicle, the excessive force used during extraction and handcuffing, the unlawful search of the vehicle, the false arrests/false imprisonment of both Plaintiffs, the unreasonable seizure and non-return of Erik's necklaces, the failures to intervene, and the initiation/continuation of criminal proceedings without probable cause.

11.    As a direct and proximate result of the City's unconstitutional policies, practices, customs, and failures to train/supervise/discipline, Erik and Kimberly suffered physical injuries, loss of liberty, property loss, emotional distress, and other damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ERIK FLORES, by and through his attorneys, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award Plaintiff the following relief:

I.  Compensatory damages in an amount to be determined at trial for the emotional distress, psychological harm, humiliation, loss of liberty, and other injuries suffered by Plaintiff as a result of the Defendants' unlawful actions;

II.  Punitive damages in an amount sufficient to punish the individual Defendants for their willful and malicious violations of Plaintiff's rights and to deter similar conduct in the future;

III.  Injunctive relief compelling the City of Chicago and the Chicago Police Department to implement proper training and supervision practices to prevent future violations of constitutional rights;

IV.  Declaratory relief finding that Defendants' actions violated Plaintiff's rights under the Fourth Amendment, Fourteenth Amendment, and the Illinois Constitution;

V.  Attorneys' fees and costs as provided under 42 U.S.C. § 1988, the Illinois Civil Rights Act, and any other applicable law;

VI.  Prejudgment interest on all compensatory damages as allowed by law; and

VII.  Any other relief this Court deems just and proper.

Respectfully submitted,

ERIK FLORES and KIMBERLY FLORES, a minor, by and through her Mother and next friend, MARIA DEL ROSARIO, Plaintiffs,

By: _Evan J. Smith_____

Evan J. Smith, one of Plaintiffs' Attorneys

51